UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GEHART,

    Plaintiff,

v.

VISALUS, INC., a corporation, et al.,

    Defendants.

Case No. 4:17-CV-12132-MFL-DRG

Hon. Matthew F. Leitman

**DEFENDANT RYAN BLAIR'S REPLY IN SUPPORT OF CONCURRENCE WITH AND JOINDER IN THE MOTION TO DISMISS FILED BY VISALUS, INC., NICK SARNICOLA, AND BLAKE MALLEN**

Defendant Ryan Blair, by and through his attorneys, Quarles & Brady LLP, hereby replies in support of his Concurrence With and Joinder In the Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") filed by ViSalus, Inc., Nick Sarnicola, and Blake Mallen (the "Joinder," Dkt. 47).

Plaintiff's Response in Opposition to the Joinder (Dkt. 48) makes two arguments, neither of which supports the viability of Plaintiff's claims. First, Plaintiff accuses Mr. Blair and his attorneys of "unnecessary game-playing" because (1) Mr. Blair's counsel was unable to immediately confirm at the outset of this litigation that they were authorized to accept service on Mr. Blair's behalf and represent him in the case; and (2) upon confirming their representation of Mr. Blair, counsel asked for an extension of time to respond to the FAC. (Dkt. 48 at 2.) On these facts, Plaintiff leaps to the unwarranted conclusion that it is "obvious that Blair's refusal to accept service and his requests for extension of time have nothing

1

to do with the merits of this action, but are merely a ploy to delay this matter for as long as possible." (Dkt. 48 at 2.) This speculative accusation is not only false, but also irrelevant to the merits of the Joinder. If Plaintiff had a problem with the requested extension and felt that Mr. Blair was merely trying to "delay," Plaintiff should have said so at the time the extension was requested. Plaintiff also could have raised his concerns—and given Mr. Blair a chance to respond—during the meet-and-confer process preceding the filing of the Joinder. He didn't.

Second, Plaintiff argues that the claims in Counts I, IV-VII, and IX are viable against Mr. Blair even though (1) Plaintiff alleges in the FAC that Mr. Blair was the CEO of ViSalus only "until 2016" and (2) the actions that Plaintiff complains about with respect to these claims did not occur until at least June 2017. (FAC ¶¶ 27, 136–37, 177–78.) As explained in the Joinder, after leaving ViSalus, Mr. Blair could not have had any role in the decision to "eliminate Plaintiff … from selling on Amazon" or "seize Plaintiff's earned equity shares in ViSalus," which comprise the conduct giving rise to these claims. (*Id.* ¶¶ 137, 185.)[1]

Responding, Plaintiff argues that "[n]one of the claims against Blair in the FAC turn on his role as the CEO of ViSalus," *i.e.*, "none of the claims against Blair are based, in any material part, on whether or not Blair was the CEO of ViSalus."

---

[1] Mr. Blair does not make this argument as to Plaintiff's claim for Misrepresentation (Count VIII). As confirmed by Plaintiff in the Response, the claims for Tortious Interference (Count II) and Unjust Enrichment (Count III) are not asserted against Mr. Blair. (Dkt. 48 at 3 n.2.)

(Dkt. 48 at 3.) Plaintiff misses the point. Mr. Blair does not argue in the Joinder that his status as CEO is a necessary element of any claim. Indeed, Mr. Blair cannot be held personally liable for claims that arose while Mr. Blair was the CEO of ViSalus simply by virtue of being the CEO. As explained in the incorporated Motion, each Defendant's individual conduct and role in the actionable conduct must be clearly alleged. (Dkt. 35 at 13 (citing *Kerrigan v. ViSalus, Inc.*, 2018 WL 534485, at *4, 7 n.9 (E.D. Mich. Jan. 24, 2018); *Kerrigan v. ViSalus*, 112 F. Supp. 3d 580, 600–02 (E.D. Mich. 2015) (explaining that each Defendant is entitled to an individualized analysis of his own liability).) Plaintiff's failure to adequately allege actionable conduct by Mr. Blair *is simply all the more obvious* due to Plaintiff's admission that Mr. Blair left ViSalus in 2016 and subsequent failure to allege facts about how Mr. Blair thenceforth was involved with ViSalus or otherwise participated in the subsequent specific acts giving rise to Plaintiff's claims.

Plaintiff proceeds to discuss the elements of his claims, but notably, fails to point to allegations in the FAC about Mr. Blair's specific conduct. For example, Plaintiff notes his allegation that "Blair, in combination with Sarnicola and Mallen are 'majority shareholders of ViSalus.'" (*Id.* at 4 (citing FAC ¶ 189).) But Plaintiff fails to identify allegations about specific acts *that Blair undertook as a majority shareholder* that give rise to Plaintiff's claims for Shareholder Oppression and

3

Breach of Fiduciary Duty. Plaintiff's arguments about his remaining claims similarly fail to identify specific conduct in which Mr. Blair engaged.[2]

In sum, the allegation that Mr. Blair no longer served as ViSalus' CEO as of 2016, coupled with the failure to allege how Mr. Blair remained involved with ViSalus or otherwise took steps to injure Plaintiff, highlights the insufficiency of the allegations against Mr. Blair as to events that transpired after 2016. The Court should dismiss the First Amended Complaint against Mr. Blair, in its entirety, for the reasons stated in the Joinder and Motion.

Dated: September 6, 2018

Respectfully submitted,

By: /s/ Nicholas B. Gorga
Attorney for the Defendants

QUARLES & BRADY LLP

Kevin D. Quigley (AZ Bar #015972)
Edward A. Salanga (AZ Bar #020654)
Brian A. Howie (AZ Bar #026021)
Michael S. Catlett (AZ Bar #025238)
*All Admitted to Practice in ED MI*
One Renaissance Square
2 North Central Avenue
Phoenix, AZ 85004
Telephone Number: (602) 229.5200
kevin.quigley@quarles.com
edward.salanga@quarles.com
brian.howie@quarles.com
michael.catlett@quarles.com

HONIGMAN MILLER SCHWARTZ AND COHN LLP

Nicholas B. Gorga (P72297)
Andrew W. Clark (P79165)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
Telephone Number: (313) 465-7640
Fax Number: (313) 465-7641
ngorga@honigman.com
aclark@honigman.com

---

[2] Plaintiff also unnecessarily addresses his misrepresentation claim, apparently without realizing that Mr. Blair did not incorporate that claim into his argument made in the Joinder. (Dkt. 47 at 2.)

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

                                                By: /s/ Nicholas B. Gorga
                                                Attorney for the Defendants

| QUARLES & BRADY LLP | HONIGMAN MILLER SCHWARTZ AND COHN LLP |
|---|---|
| Kevin D. Quigley (AZ Bar #015972)<br>Edward A. Salanga (AZ Bar #020654)<br>Brian A. Howie (AZ Bar #026021)<br>Michael S. Catlett (AZ Bar #025238)<br>*All Admitted to Practice in ED MI*<br>One Renaissance Square<br>2 North Central Avenue<br>Phoenix, AZ 85004<br>Telephone Number: (602) 229.5200<br>kevin.quigley@quarles.com<br>edward.salanga@quarles.com<br>brian.howie@quarles.com<br>michael.catlett@quarles.com | Nicholas B. Gorga (P72297)<br>Andrew W. Clark (P79165)<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, MI 48226-3506<br>Telephone Number: (313) 465-7640<br>Fax Number: (313) 465-7641<br>ngorga@honigman.com<br>aclark@honigman.com |